## TREWORGY et al. v. RICHARDS et al.
## THE NARMADA.   THE DUCHESS.
## THE KALMIA.

(Circuit Court of Appeals, First Circuit. January 26, 1926.)

No. 1933.

Salvage ⏘29—Award of 3 per cent. for saving yachts swept away by breaking of dams increased to 6 per cent.

Salvage award of 3 per cent. of value of yachts, swept away by breaking of dam, to salvors, who promptly and with substantial danger followed in rowboats, anchored them, and kept them substantially uninjured till they could be towed ashore, *held* too small, and increased to 6 per cent.

Appeal from the District Court of the United States for the District of Maine; Charles F. Johnson, Judge.

Libel for salvage by Winfield S. Treworgy and others against the yachts Narmada, Duchess, and Kalmia; F. B. Richards and others, claimants. From a decree for less than claimed, libelants appeal. Amended and affirmed.

William H. Gulliver, of Portland, Me. (Daniel E. Hurley, of Ellsworth, Me., and William B. Mahoney, of Portland, Me., on the brief), for appellants.

Robert Hale, of Portland, Me. (Verrill, Hale, Booth & Ives, of Portland, Me., on the brief), for appellees.

Before BINGHAM and ANDERSON, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM. In this admiralty appeal, the only question calling for serious consideration is as to whether the award of the court below for salvage was adequate. The facts material for determination of that issue are within narrow limits.

On May 2, 1923, the waters of Union river, which run through Ellsworth, Me., down into Union Bay, had been raised to an unprecedentedly high pitch by rains and by a break in a large dam, which released a heavy body of impounded water. In winter storage, under a large frame building, 170 feet long and 68 feet wide, were three yachts, the Kalmia, the Duchess, and the Narmada, together with a tugboat and another sloop yacht. When the flood came down, about 11:30 at night, this building was caught by the current and carried, with all these five vessels, as one mass, down into the bay. The river was then full of logs, stave wood, and débris, and its velocity was variously estimated at from 15 to 20 miles an hour.

The libelants forthwith started after the floating wreckage in small boats, using, for lack of oars, pieces of boards hastily seized for the occasion. They succeeded in overtaking the boathouse, secured and let down anchors from some of the yachts, let the anchors drag for perhaps a mile, until within about 100 feet of Tupper's Ledge some three or four miles down the stream, when the anchors held on the rocks. Then for three days and nights, under conditions of considerable danger, the libelants were occupied in securing the yachts, pumping or bailing out those that were leaking, and getting them free from the shed, until it was practicable to take the yachts to Surry Bay, a few miles away. Thereafter for some 20 days they rendered further services, but not of a dangerous kind.

The real rescue work, promptly and efficiently done, and involving substantial danger to the libelants, was on the night of May 2, in overtaking and anchoring the shed and its contents, and for three days thereafter in keeping the yachts substantially uninjured, until they freed them from the shed and towed them safely over to Surry Bay.

The facts as to value, repairs, and salvage, found by the court below, are tabulated as follows:

| Name of Yacht. | Salvaged Value. | Salvaged Award. | Cost of Repairs. |
|---|---|---|---|
| Kalmia | $25,000 | $750.00 | $2,000.00 |
| Duchess | 20,000 | 600.00 | 2,000.00 |
| Narmada | 15,000 | 450.00 | 2,500.00 |

From this it appears that the yachts were all saved, with damages which, considering

the risk, must be regarded as very small, and that the court below made a salvage award of only 3 per cent. on the agreed value of the yachts. We think this award was too small. It is, in our opinion, out of line with the awards in practically all the really analogous cases. We are unable to reconcile it with the conclusion reached in this circuit in the last salvage case which was before this court. United States v. Central Wharf Towboat Co., 3 F.(2d) 250. In that case, the award was approximately 20 per cent. Conceding that the property rescued by the salvors and the risk of life and property were there greater than in the case at bar, the disproportion in the awards is very great. We think that the facts in this case require an award of not less than 6 per cent. of the value of the salved property, or double the amount found by the court below as to each of the yachts; that the decree should be amended accordingly, and, so amended, affirmed.

The decree of the District Court is amended in the particulars pointed out in this opinion, and, as amended, is affirmed, with costs to the appellants.